FILED
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

2015 FEB -9 PM 12: 28

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MAURA BARONA AND MARTHA PERALTA, AS
ADMINISTRATORS OF THE ESTATE OF CESAR
BARONA, DECEASED,

**NOTICE OF REMOVAL**

Civil Action No.

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

Plaintiff,

CV 15-_____

v.

**CV 15 - 0627**

MIRZA E. MORALES-DIAZ, M.D. AND NIDAL
KHOURY, M.D. AND LUTHERAN MEDICAL
CENTER,

(_____, J.)
(_____, M.J.)

GLASSER, J.

Defendants.

GO, M.J.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TO:     THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF NEW YORK:

PLEASE TAKE NOTICE that an action pending in the Supreme Court of the

State of New York, County of Kings, has been removed to the United States District Court for

the Eastern District of New York.

LORETTA E. LYNCH, United States Attorney for the Eastern District of New

York, by Dara A. Olds, Assistant United States Attorney, respectfully states the following facts

upon information and belief:

1.      On or about December 19, 2013, the above-captioned action was

commenced in the Supreme Court of the State of New York, County of Kings, under Index No.

508100/13, naming as defendants Mirza E. Morales-Diaz, M.D., Nidal Khoury, M.D. and

Lutheran Medical Center. *See* Verified Complaint, annexed hereto as Exhibit A.

2.      This is an action alleging medical malpractice on the part of the

defendants.  Specifically the complaint alleges that from 2006 up to and including July 2012,

1

defendants were negligent in failing to timely diagnosis decedent Cesar Barona's liver cancer and for negligent treatment following his diagnosis. *See* Exhibit A, Compl. ¶¶ 17, 18, 21, 24, 25, 26, 29. The complaint further alleges that the decedent suffered personal injuries and death as a result of the alleged malpractice.

3.     As set forth in the Declaration of Meredith Torres, an attorney with the Office of the General Counsel of the United States Department of Health and Human Services ("HHS"), annexed hereto as Exhibit B, the Sunset Park Health Council, Inc., formerly known as Lutheran Family Health Centers ("Health Centers") operates as a grantee of HHS, and as such has been deemed to be an "employee of the United States" for purposes of medical malpractice coverage, pursuant to the Public Health Service Act ("PHS Act"), as amended by the Federally Supported Health Centers Assistance Act, 42 U.S.C. §§ 233(g)-(n) ("FSHCAA" or "Act"). As a result, Sunset Park and its predecessors, Health Centers, and their employees are covered by the Federal Tort Claims Act ("FCTA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671-2680, and entitled to all the protections thereof. Defendants Mirza Morales-Diaz, M.D. and Nidal Khoury, M.D. were employees of Health Centers at all times relevant to this action, and, pursuant to 42 U.S.C. §§ 233(g)-(n), are also covered by the FTCA.

4.     In accordance with 28 U.S.C. § 1446(a), a copy of the pleadings served upon defendants Mirza Morales-Diaz, M.D. and Nidal Khoury, M.D., including the summons and verified complaint, are annexed hereto as Exhibit A.

5.     Pursuant to 28 U.S.C. § 2679(d)(2), and 42 U.S.C. § 233(c), this action may be removed to this Court.

6.     Under 28 U.S.C. §§ 2408 and 2679(d)(2), and 42 U.S.C. § 233(c), the United States may remove this action without a bond.

7.     Pursuant to 28 U.S.C. § 2679(d)(2) and 42 U.S.C. § 233(a), (c), (g), this action must be discontinued as to Defendants Mirza Morales-Diaz and Nidal Khoury because the United States, by operation of law, has been automatically substituted in their place as defendant, pursuant to the accompanying Certification of Scope of Employment and Notice of Substitution of United States as a Party Defendant for Mirza Morales-Diaz and Nidal Khoury, which establishes that Defendants Morales-Diaz and Khoury were acting within the course and scope of their federal employment at the time of the incident from which the claim arose.   The certification of Assistant United States Attorney Dara A. Olds is annexed hereto as Exhibit C.

WHEREFORE, respectfully, the above-captioned action previously pending in the Supreme Court of the State of New York, County of Kings, is removed to this Court; and

3

In accordance with 28 U.S.C. § 1446(d), the filing of a copy of this notice with the Clerk of the Supreme Court of the State of New York, County of Kings, shall give that court notice of the removal, and the Supreme Court of the State of New York shall proceed no further with respect to the action, unless and until the case is remanded thereto.

Dated:      Brooklyn, New York
            February 9, 2015

                              Respectfully submitted,

                              LORETTA E. LYNCH
                              United States Attorney
                              Eastern District of New York
                              Attorney for Defendant United States of America
                              271 Cadman Plaza East
                              Brooklyn, New York 11201

                    By:     _____
                              Dara A. Olds
                              Assistant United States Attorney
                              (718) 254-6148


TO:   Clerk of Court
      Supreme Court of the State of New York
      County of Kings
      360 Adams Street
      Brooklyn, NY 11201

      LAW FIRM OF JONATHAN C. REITER
      Meryl I. Schwartz, Esq.
      350 Fifth Avenue, Suite 6400
      New York, NY 10118
      *Attorneys for Plaintiffs*

      KAUFMAN, BORGEEST & RYAN, LLP
      120 Broadway, 14th Floor
      New York, NY 10271
      *Attorneys for Lutheran Medical Center*

4

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

--------------------------------------------------X

MAURA BARONA and MARTHA PERALTA, as
Administrators of the Estate of CESAR BARONA,
Deceased,

Index No.: 508100/2013

Filed: 12/19/2013

                Plaintiffs,

SUMMONS

   -against-

MIZRA E. MORALES-DIAZ, M.D. and
NIDAL KHOURY, M.D., and
LUTHERAN MEDICAL CENTER

              Defendants.

--------------------------------------------------X

To the above named defendant(s):

     **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve

a copy of your answer on the Plaintiff's Attorney within 20 days after the service of this

summons, exclusive of the day of service, or within 30 days after the service is complete if this

summons is not personally delivered to you within the State of New York and in case of your

failure to appear or answer, judgment will be taken by default for the relief demanded in the

complaint.

     Plaintiff designates Kings County as the place of trial.  The basis of venue is Plaintiff's

residence.

Defendant's address(es):
Mizra E. Morales-Diaz, M.D., 220 13th Street, Brooklyn, New York
Nidal Khoury, M.D., 220 13th Street, Brooklyn, New York
Lutheran Medical Center, 150 55th Street, Brooklyn, New York 11220

             LAW FIRM OF JONATHAN C. REITER

   By: _____
        MERYL I. SCHWARTZ, ESQ.
        *Attorneys for Plaintiffs*
        350 Fifth Avenue, Suite 6400
        New York, New York 10118
        (212) 736-0979

INSYNC

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------X
MAURA BARONA and MARTHA PERALTA, as
Administrators of the Estate of CESAR BARONA,
Deceased,

                                                                    **VERIFIED COMPLAINT**

                        Plaintiffs,
                                                              Index No.: 508100/2013

MIZRA E. MORALES-DIAZ, M.D. and
NIDAL KHOURY, M.D., and
LUTHERAN MEDICAL CENTER

                        Defendants.
-----------------------------------------------------------X

        Plaintiff, by their attorneys, The Law Firm of JONATHAN C. REITER, complaining of

the defendants respectfully alleges as follows:

        1.      CESAR BARONA died on October 11, 2012, a resident of the County of Kings,

City and State of New York.

        2.      On or about September 4, 2013, Letters of Administration of the Estate of

CESAR BARONA were granted to plaintiffs, MAURA BARONA and MARTHA PERALTA by

the Surrogate of Kings County, State of New York.

        3.      CESAR BARONA left surviving him, his wife MAURA BARONA, his

daughters, MARTHA PERALTA, GLADYS BARONA and BRENDA BARONA and his son

CESAR BARONA, all of whom make claims herein.

        4.      At all times hereinafter mentioned, and at the time of the occurrences herein, and

upon information and belief, defendant, MIZRA MORALES-DIAZZ, M.D., was a physician

licensed to practice in the State of New York, and having her office for the practice of medicine

at 220 13th Street, Brooklyn, New York.

                                                1

5.      At all times hereinafter mentioned, and at the time of the occurrences herein, and upon information and belief, defendant, MIIZRA MORALES-DIAZ, M.D., held herself out as a physician qualified and capable of rendering competent medical treatment, care, and services, with the skill and knowledge possessed by and required of physicians in the community.

6.      At all times hereinafter mentioned, and at the time of the occurrences herein, and upon information and belief, defendant, NIDAL Y. KHOURY, M.D., was a physician and gastroenterologist, licensed to practice in the State of New York, and having his office for the practice of medicine and gastroenterology at 220 13th Street, Brooklyn, New York.

7.      At all times hereinafter mentioned, and at the time of the occurrences herein, and upon information and belief, defendant, NIDAL Y. KHOURY, M.D., held himself out as a physician and gastroenterologist qualified and capable of rendering competent medical treatment, care, and services, with the skill and knowledge possessed by and required of physicians and gastroenterologists in the community.

8.      Upon information and belief, the defendant LUTHERAN MEDICAL CENTER is a domestic not-for-profit corporation having its principal place of business at 150 55th Street, Brooklyn, New York 11220.

9.      Upon information and belief, at all times hereinafter mentioned and at the time of the occurrences herein, the defendant, LUTHERAN MEDICAL CENTER (hereinafter "THE HOSPITAL") held itself out as a hospital qualified and capable of rendering medical, nursing and hospital diagnosis, treatment, care, and services in accordance with applicable standards of care.

10.     At the time of the occurrences herein, the defendant, MIZRA MORALES-DIAZ,
M.D., was an agent, servant and/or employee of the defendant, LUTHERAN MEDICAL
CENTER.

11.     At the time of the occurrences herein, the defendant, NIDAL Y. KHOURY, M.D.,
was an agent, servant and/or employee of the defendant, LUTHERAN MEDICAL CENTER.

12.     That heretofore in or about 2006, and for a continuing course of treatment up to
and including July, 2012, the defendants, MIZRA MORALES-DIAZ, M.D. and NIDAL Y.
KHOURY, M.D. had undertaken to render certain medical diagnosis, treatment, advice, care and
services to the plaintiff's decedent, CESAR BARONA.

13.     That on various occasions during that time period, decedent, CESAR BARONA,
presented to the defendants with various signs and symptoms to the liver.

14.     That on or about July 23, 2011, decedent was diagnosed with liver cancer.

### AS AND FOR A FIRST CAUSE OF ACTION FOR WRONGFUL DEATH
### AGAINST MIZRA MORALES-DIAZ, M.D.

15.     Plaintiff repeats and reiterates all of the previous allegations of the complaint with
the same force and effect as if fully set forth herein at length.

16.     That the medical diagnosis, treatment, care and services rendered by the
defendant, MIZRA MORALES-DIAZ, M.D., to the decedent, CESAR BARONA, was done in a
negligent manner and departed from the standard of care.

17.     The defendant, MIZRA MORALES-DIAZ, M.D., and her agents, servants, and
employees, were negligent and committed malpractice in failing to timely diagnose liver cancer;
in failing to timely treat and/or refer the patient for treatment for liver cancer; in failing to
formulate and document a differential diagnosis that included liver cancer; in failing to perform
and or refer the patient for necessary tests, x-rays, scans and examinations to rule out/rule liver

3

cancer; in failing to timely refer the patient for MRI or other radiological studies; in ignoring

complaints, signs and symptoms of worsening problems; in failing to obtain necessary

consultations with specialists; in causing and permitting the liver cancer to progress, worsen,

enlarge and extend; and in otherwise being negligent and committing malpractice.

18.    The negligence and malpractice of the defendant, MIZRA MORALES-DIAZ,

M.D, was a substantial factor and proximate cause of decedent's death.

19.    The plaintiff claims all wrongful death damages permitted by law in an amount

that exceeds the jurisdiction of all lower courts.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST MIZRA MORALES-DIAZ, FOR INJURIES, PAIN AND SUFFERING

20.    Plaintiff repeats and reiterates all of the preceding paragraphs of the complaint

with the same force and effect as if fully set forth herein at length.

21.    That the negligence and malpractice of defendant, MIZRA MORALES-DIAZ,

M.D, proximately caused severe and permanent personal injuries, pain, suffering, mental

anguish, loss of enjoyment of life, impairment of future earning capacity, past and future hospital

and medical expenses and other economic and pecuniary losses.

22.    Plaintiff claims all damages permitted by law in an amount that exceeds the

jurisdiction of all lower courts.

## AS AND FOR A THIRD CAUSE OF ACTION FOR WRONGFUL DEATH
## AGAINST NIDAL KHOURY, M.D.

23.    Plaintiff repeats and reiterates all of the previous allegations of the complaint with

the same force and effect as if fully set forth herein at length.

24.   That the medical diagnosis, treatment, care and services rendered by the defendant, NIDAL KHOURY, M.D., to the decedent, CESAR BARONA, was done in a negligent manner and departed from the standard of care.

25.   The defendant, NIDAL KHOURY, M.D., and her agents, servants, and employees, were negligent and committed malpractice in failing to timely diagnose liver cancer; in failing to timely treat and/or refer the patient for treatment for liver cancer; in failing to formulate and document a differential diagnosis that included liver cancer; in failing to perform and or refer the patient for necessary tests, x-rays, scans and examinations to rule out/rule liver cancer; in failing to timely refer the patient for MRI or other radiological studies; in ignoring complaints, signs and symptoms of worsening problems; in failing to obtain necessary consultations with specialists; in causing and permitting the liver cancer to progress, worsen, enlarge and extend; and in otherwise being negligent and committing malpractice.

26.   The negligence and malpractice of the defendant, MIZRA MORALES-DIAZ, M.D, was a substantial factor and proximate cause of decedent's death.

27.   The plaintiff claims all wrongful death damages permitted by law in an amount that exceeds the jurisdiction of all lower courts.

AS AND FOR A FOURTH CAUSE OF ACTION
AGAINST NIDAL KHOURY, M.D. FOR INJURIES, PAIN AND SUFFERING

28.   Plaintiff repeats and reiterates all of the preceding paragraphs of the complaint with the same force and effect as if fully set forth herein at length.

29.   That the negligence and malpractice of defendant, NIDAL KHOURY, M.D, proximately caused severe and permanent personal injuries, pain, suffering, mental anguish, loss of enjoyment of life, impairment of future earning capacity, past and future hospital and medical expenses and other economic and pecuniary losses.

30.   Plaintiff claims all damages permitted by law in an amount that exceeds the jurisdiction of all lower courts.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST LUTHERAN MEDICAL CENTER FOR WRONGFUL DEATH

31.   Plaintiff repeats and reiterates all of the preceding paragraphs of the complaint with the same force and effect as if fully set forth herein at length.

32.   Defendant, LUTHERAN MEDICAL CENTER, their agents, servants and employees were negligent, committed malpractice and departed from applicable standards of care in the diagnosis, treatment, advice, care and services rendered to decedent.

33.   The defendant, LUTHERAN MEDICAL CENTER, their agents, servants and employees were negligent and committed malpractice in deviating from accepted standards of hospital and medical practice; in failing to exercise proper supervision; in failing to supply competent physicians, nurses and other personnel; in failing to provide proper and necessary coordination and continuity of care;  in failing to render appropriate and necessary diagnosis, treatment advice and care with respect to decedent's liver cancer; in failing to appropriately and timely assess plaintiff's worsening symptomatology;  in causing and permitting liver cancer in the plaintiff to progress and become worse; in failing to timely obtain necessary consultations with specialists; in rendering negligent nursing care; in failing to carry out physician's orders; in being responsible under the doctrine of respondeat superior for its agents, servants and employees, and in otherwise committing malpractice.

34.   That the negligence and malpractice of the defendant was a substantial factor and proximate cause of decedent's death.

35.   The plaintiff claims all wrongful death damages permitted by law in an amount that exceeds the jurisdiction of all lower courts.

6

## AS AND FOR AN SIXTH CAUSE OF ACTION AGAINST LUTHERAN MEDICAL CENTER FOR INJURIES, PAIN AND SUFFERING

36.     Plaintiff repeats and reiterates all of the preceding paragraphs of the complaint with the same force and effect as if fully set forth herein at length.

37.     That the negligence and malpractice of LUTHERAN MEDICAL CENTER, proximately caused severe and permanent personal injuries, pain, suffering, mental anguish, loss of enjoyment of life, impairment of future earning capacity, past and future hospital and medical expenses and other economic and pecuniary losses.

38.     That as a result of the foregoing, plaintiff claims damages in an amount exceeding the jurisdictional limits of all lower courts.

WHEREFORE, the plaintiffs, MAURA BARONA and MARTHA PERALTA, as Administrators of the Estate of CESAR BARONA, deceased and individually, demands judgment against each of the defendants on each of the causes of action of the complaint in an amount that exceeds the jurisdiction of all lower courts, along with interest, costs and disbursements.

LAW FIRM OF JONATHAN C. REITER

MERYL I. SCHWARTZ, Esq.
Attorneys for Plaintiff
350 Fifth Avenue Suite 6400
New York, New York 10118
212-736-0979

7

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK     }
                                          ss:
COUNTY OF NEW YORK }

MERYL I. SCHWARTZ, an attorney duly admitted to practice in the Courts of the State of New York, state that I am the attorney for the plaintiff herein.

I have read the foregoing SUMMONS AND VERIFIED COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true.

The reason this verification is made by me and not by plaintiff is that plaintiff resides in a county other than the one in which affirmant has her office.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:  communications and correspondence had with plaintiff and other documents relating thereto which are in affirmant's possession.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated:  New York, New York
            December 19, 2013

MERYL I. SCHWARTZ, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------X
MAURA BARONA and MARTHA PERALTA, as
Administrators of the Estate of CESAR BARONA,
Deceased,                                                    CERTIFICAT OF MERIT

Plaintiffs,


MIZRA E. MORALES-DIAZ, M.D. and
NIDAL KHOURY, M.D., and
LUTHERAN MEDICAL CENTER

Defendants.

-----------------------------------------------------X

        MERYL I. SCHWARTZ, an attorney duly admitted to practice in the State of New York,

certifies the following pursuant to section 3012-a of the CPLR:

        1.      I have reviewed the facts of this case and have consulted with at least one

physician who is licensed to practice in this State or any other State whom I reasonably believe is

knowledgeable in the relevant issues involved in this particular action and that I have concluded

on the basis of such review and consultation that there is a reasonable basis for the

commencement of this action.

Dated:  New York, New York
        December 19, 2013

                                        LAW FIRM OF JONATHAN C. REITER


                        By:  _____
                                MERYL I. SCHWARTZ
                                *Attorneys for Plaintiffs*
                                350 Fifth Avenue, Suite 6400
                                New York, New York 10118
                                (212) 736-0979

EXHIBIT B

-1-

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Maura Barona and Martha Peralta, as Administrators of the Estate of Cesar Barona, deceased, | ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| Mizra E. Morales-Diaz, M.D., Nidal Khoury, M.D., and Lutheran Medical Center, | ) ) ) |
| | ) |
| Defendants. | ) |

## DECLARATION OF
## MEREDITH TORRES

1.  I am a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services (the "Department").   I am familiar with the official records of administrative tort claims maintained by the Department as well as with the system by which those records are maintained.

2.  The Department has a Claims Branch that maintains in a computerized database a record of administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

3.  As a consequence, if a tort claim had been filed with the Department with respect to Sunset Park Health Council Inc., f/k/a Lutheran Family Health Centers, its approved delivery sites,

-2-

or its employees or qualified contractors, a record of that filing would be maintained in the Claims Branch's database.

4.  I caused a search of the Claims Branch's database to be conducted and found an administrative tort claim had been filed on April 22, 2014 by plaintiffs, Maura Barona and Martha Peralta, as Administrators of the Estate of Cesar Barona, deceased, relating to Sunset Park Health Council Inc., f/k/a Lutheran Family Health Centers Mizra E. Morales-Diaz, M.D., and Nidal Khoury, M.D. To date, a final decision has not been issued and the plaintiffs have not exhausted their administrative remedies.

5.  I have also reviewed official agency records and determined that Sunset Park Health Council Inc., f/k/a Lutheran Family Health Centers was deemed eligible for Federal Tort Claims Act malpractice coverage effective January 1, 2010, and that its coverage has continued without interruption since that time.   The Secretary of Health and Human Services' authority to deem entities as Public Health Service employees under 42 U.S.C. § 233(g) has been delegated to the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration. Copies of the notifications by the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration, Department of Health and Human Services, to Sunset Park Health Council Inc., f/k/a Lutheran Family Health Centers are attached to this declaration as Exhibit 1.

6.  Official agency records further indicate that Mizra E. Morales-Diaz, M.D., and Nidal Khoury, M.D., were employees of Sunset Park Health Council Inc., f/k/a Lutheran Family Health Centers at all times relevant to the complaint in this case.


I declare under penalty of perjury that the foregoing is true and correct.   28 U.S.C. § 1746.

-3-

Dated at Washington, D.C., this _24th_ day of _November_ , 2014.

MEREDITH TORRES
Senior Attorney, Claims and Employment Law Branch
General Law Division
Office of the General Counsel
Department of Health and Human Services

# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| MAURA BARONA AND MARTHA PERALTA, AS ADMINISTRATORS OF THE ESTATE OF CESAR BARONA, DECEASED, | Civil Action No. |
| Plaintiff, | _____ |
| v. | |
| MIRZA E. MORALES-DIAZ, M.D., NIDAL KHOURY, M.D., AND LUTHERAN MEDICAL CENTER, | (_____, J.) (_____, M.J.) |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CERTIFICATION OF SCOPE OF EMPLOYMENT AND
NOTICE OF SUBSTITUTION OF UNITED STATES AS
PARTY DEFENDANT FOR MIRZA E. MORALES-
DIAZ, M.D. AND NIDAL KHOURY, M.D.**

By virtue of the authority vested in this Office by the Attorney General under 28 C.F.R. § 15.4, it is hereby certified on the basis of the information now available with respect to the incident alleged in the Verified Complaint, that defendants Mirza Morales-Diaz, M.D. ("Morales-Diaz") and Nidal Khoury, M.D. ("Khoury"), were acting within the scope and course of their federal employment as employees of Sunset Park Health Council, Inc., formerly known as, Lutheran Family Health Centers ("Health Centers"), a grantee of the U.S. Department of Health and Human Services, at the time of the incident over which the above-referenced action arose.   Accordingly, pursuant to 42 U.S.C. § 233(a), (c), (g) and 28 U.S.C. 2679(d)(2), the United States of America is hereby substituted by operation of law as a party defendant for defendants Morales-Diaz and Khoury, and any and all claims asserted in the Verified Complaint against defendant Morales-Diaz or defendant Khoury, shall be, and hereby are, deemed to be

claims for relief against the United States of America.

Dated: Brooklyn, New York
       February 9, 2015

                              LORETTA E. LYNCH
                              United States Attorney
                              Eastern District of New York
                              271 Cadman Plaza East
                              Brooklyn, New York 11201

                      By:  _____
                              DARA A. OLDS
                              Assistant U.S. Attorney
                              (718) 254-6148
                              dara.olds@usdoj.gov

TO:   Clerk of Court
      Supreme Court of the State of New York
      County of Kings
      360 Adams Street
      Brooklyn, NY 11201

      LAW FIRM OF JONATHAN C. REITER
      Meryl I. Schwartz, Esq.
      350 Fifth Avenue, Suite 6400
      New York, NY 10118
      *Attorneys for Plaintiffs*

      KAUFMAN, BORGEEST & RYAN, LLP
      120 Broadway, 14th Floor
      New York, NY 10271
      *Attorneys for Lutheran Medical Center*

2